United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Michael Bacon, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-22594-Civ-Scola |
| | ) |
| Celebrity Cruises, Inc., Defendant. | ) |

### **Order Requiring Amended Complaint**

This matter is before the Court upon an independent review of the record. This action arises from injuries allegedly sustained by Plaintiff Michael Bacon when he says he hit his head as result of slipping on a wet surface while aboard the *Carnival Dream*. For the reasons set forth below, the Court **strikes** Bacon's complaint as it is an impermissible shotgun pleading. (**ECF No. 1**.)

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (cleaned up). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading.").

The Eleventh Circuit has identified four typical types of shotgun pleadings, one of which is where counsel "'commits the sin of not separating into a different count each cause of action or claim for relief.'" *Wilson v. NCL Bahamas*, 18-25203-Civ, 2019 WL 2106470 (S.D. Fla. May 14, 2019) (Goodman, Mag. J.) (quoting *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)). That is, among other issues, one of the problems here.

In Bacon's complaint, he attempts to cram multiple distinct theories of liability into one count of negligence. Indeed, in just this one count, Bacon purports to plead twenty-nine different ways Defendant Celebrity Cruises, Inc., committed negligence, including claims such as failure to maintain, failure to warn, and failure to train, among many others, when each of these claims is a distinct theory of liability that must be asserted independently and with corresponding supporting factual allegations. *See Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading," where the

plaintiff alleged that the defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which [the d]efendant breached this duty"); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading ["forty-one"] alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith."); *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-Civ, 2012 WL 2049431, at *5-*6, n.2 (S.D. Fla. June 5, 2012) (Scola, J.) (ordering plaintiff to amend complaint to "separately allege an independent count" for various theories of liability that were lumped into a single maritime negligence claim); *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295, 2015 WL 8227674, *3 n.3 (S.D. Fla. Dec. 7, 2015) (Lenard, J.) (same); *Doe v. NCL (Bahamas) Ltd.*, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.) (holding that Plaintiff's "boilerplate allegations" of breach of duty failed to state a claim for negligent hiring and retention, training and supervision under maritime law, and ordering Plaintiff to "allege each of these three claims **in separate Counts**" in an amended complaint (emphasis in original)); *Ciethami v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1349-50 (S.D. Fla. 2016) (Williams, J.) (holding that maritime negligence claim failed Rule 8(a), where the Plaintiff's "shotgun-style recitation[]" of "34 breaches of duty," "without any factual context," makes "any meaningful assessment of her claims difficult"); *Gharfeh v. Carnival Corp.*, No. 17-20499, 2018 WL 501270, at *3, *6-*7 (S.D. Fla. Jan. 22, 2018) (Goodman, Mag. J.) (dismissing maritime negligence count that "improperly commingles claims" as an "impermissible shotgun pleading"); *Ward v. Carnival Cruises*, No. 17-24628, 2019 WL 342027, at **2-3, n.1, n.2 (S.D. Fla. Jan. 28, 2019) (Scola, J.) (collecting cases). Bacon's one count contains multiple distinct causes of action that must all be separately pleaded.

  Bacon is also admonished for alleging facts in the alternative. The Court notes that Bacon's complaint is replete with "and/or" alternative factual allegations. "Either a fact or conclusion is alleged or isn't. And any legal conclusions that form the basis for any claims must be made in good faith and supported by factual allegations." *Sanlu Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-20773-Civ., 2019 WL 8895224, at *2 (S.D. Fla. March 7, 2019) (Scola, J.); *see also* Fed. R. Civ. P. 11. Upon repleading, Bacon must ensure that he has a reasonable basis, based on the facts of this case, that there are indeed facts that underscore every allegation in the complaint. The Court cannot discern which factual allegations Bacon actually asserts in his complaint when facts are plead

in the alternative. Therefore, Bacon must remove any "and/or" alternative factual pleadings from his amended complaint.

Finally, the Court notes that Bacon's complaint purports to assert claims for "[o]ther acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery." (Compl. ¶ 19(cc).) And so, it is clear that, by way of his complaint, Bacon is baldly "seeking to change the logical sequence of litigation" and "seeks discovery to learn whether [he] may be able to assert a valid claim." *Sovereign Bonds Exch. v. Fed. Republic of Ger.*, No. 10-21944-Civ., 2011 WL 13100214, at *1 (S.D. Fla. Aug. 9, 2011) (Altonaga, J.) (internal quotations omitted). This is not allowed. A plaintiff may not file his complaint with the hopes of receiving discovery to see if he has additional viable claims. *Christie v. Royal Caribbean Cruises, Ltd.*, No. 20-22439-Civ, 2020 WL 6158815, at *7 (S.D. Fla. Oct. 21, 2020) (Scola, J.).

Accordingly, the Court **strikes** Bacon's complaint (**ECF No. 1**), as a shotgun pleading. Bacon may file an amended complaint by **August 4, 2021**, provided he complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard.

Bacon is forewarned that **failure to comply with this order may result in the dismissal of this case with prejudice or other appropriate sanctions**. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions" (cleaned up)).

**Done and ordered** in Miami, Florida, on July 27, 2021.

Robert N. Scola, Jr.
United States District Judge